NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> CESAR FRANCISCO FLORES-MONTIEL, <br><br> Defendant - Appellant. | Nos. 15-50036 <br> 15-50038 <br><br> D.C. Nos. 3:13-cr-00377-LAB <br> 3:14-cr-02271-LAB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted August 25, 2015[**]

Before:    McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

In these consolidated appeals, Cesar Francisco Flores-Montiel appeals the

24-month sentence imposed upon his guilty-plea conviction for attempted reentry

after deportation, in violation of 8 U.S.C. § 1326, and the eight-month custodial

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

sentence and three-year term of supervised release imposed upon revocation of probation. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Flores-Montiel contends that the district court procedurally erred by failing to explain adequately the 24-month sentence imposed for his new criminal conviction. This claim fails. The record reflects that the court sufficiently explained its reasons for imposing the within-Guidelines sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Flores-Montiel next contends that the sentence imposed upon revocation of probation is substantively unreasonable. The district court did not abuse its discretion in imposing Flores-Montiel's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The term of supervised release and the below-Guidelines custodial sentence are substantively reasonable in light of the relevant 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Flores-Montiel's criminal and immigration history. *See Gall*, 552 U.S. at 51; *United States v. Valdavinos-Torres*, 704 F.3d 679, 692-93 (9th Cir. 2012).

**AFFIRMED.**